We think, therefore, the judgment was right and should be
affirmed, with costs.

VAN BRUNT, P. J., PATTERSON and McLAUGHLIN, JJ., concurred;
INGRAHAM, J., concurred in result.

Judgment affirmed, with costs.

---

GEORGE S. MARDEN, Respondent, *v.* JULIA M. MARDEN, Appellant.

*Practice in the first judicial district — but one notice of trial and note of issue
required — the issues in a case on the Special Term calendar placed on the pre-
ferred Trial Term calendar only on two days' notice.*

An action for divorce was noticed for trial in the first judicial district at Special
Term and was placed on its calendar. Subsequently a motion was made for an
order directing a trial by jury of the issues therein, and on January 21, 1896,
an order was entered directing that certain issues be stated for trial by jury, and
on the same day the Special Term adjourned the further trial of the action to
the March term. Subsequently, upon the application of the plaintiff, and with-
out notice to the defendant, the issues thus framed for trial were placed upon
the preferred calendar of the Trial Term and set down for trial for the first
Monday of February, and notice that the case had been so placed upon the
calendar was served upon the attorney for the defendant.

*Held,* that the case was regularly upon the Special Term calendar, where it prop-
erly remained, without further service of notice of trial or filing of a note of
issue, until disposed of;

That the order framing the issues might have directed that the same be placed
upon the calendar of the Trial Term, or that, in default of such direction in
that order, the Trial Term could so direct;

That such issues, under rule 3 of the Rules for the Regulation of the Trial Terms
in the First Judicial District, were properly placed upon the preferred calendar
under subdivision 10 of section 791 of the Code of Civil Procedure, but that,
before they could be placed upon such preferred calendar, two days' notice of
the application should have been given to the defendant's attorney; in default
of which the entry of such issues upon the calendar of the Trial Term for
trial was unauthorized, and the same should consequently have been stricken
therefrom.

APPEAL by the defendant, Julia M. Marden, from an order of the
Supreme Court, made at the New York Trial Term and entered in
the office of the clerk of the county of New York on the 28th day
of February, 1898, denying the defendant's motion to strike the
cause from the calendar of preferred causes.

*Robert H. Griffin*, for the appellant.

*William Gasten*, for the respondent.

INGRAHAM, J.:

This action was brought to obtain a divorce on the ground of
adultery, and issue was joined by the service of an answer which
denied the charges in the complaint. The case was noticed for trial
at the Special Term, and was placed upon the Special Term calendar.
Subsequently a motion was made for a trial by a jury of the issues
of adultery, and on the 21st day of January, 1898, an order was
entered directing that certain issues as to the adultery of the defend-
ant be stated for trial by a jury. On the same day the action
appeared on the Special Term calendar to have a day fixed for
trial, but upon the court being informed that an order for a trial
by jury had been entered, the further trial of the action at Special
Term was adjourned to the March term. Subsequently, and upon
application of the plaintiff, without notice to the defendant, the
issues thus framed for trial were placed upon the preferred calendar
of the Trial Term, and the case was set down for trial for the first
Monday of February, and notice that the case had been so placed upon
the calendar was served upon the attorney for the defendant. The
defendant then made a motion to strike this case from the Trial
Term calendar, which was denied, and from the order denying that
motion this appeal is taken.

The case having been regularly noticed for trial and a note of

issue filed at the Special Term of the court, the case was before that court for trial, regularly noticed, under section 977 of the Code. Under the provisions of this section, where a party has served a notice of trial and filed a note of issue, for a term at which the cause is not tried, it is not necessary for him to serve a new notice of trial, or file a new note of issue for a succeeding term, and the action must remain on the calendar until it is disposed of. Thus, the case was regularly upon the Special Term calendar, and was to remain upon that calendar until disposed of. The Special Term, instead of trying the issues of fact, directed that certain specified issues be tried before a jury. No section of the Code or rule of the court requires that there should be another notice of trial of these special issues. The order framing the issues could direct that such issues be placed upon the calendar of the Trial Term, or if no such direction was contained in the order the Trial Term could by order direct them to be placed upon such calendar. By rule 3 of the Rules for the Regulation of the Trial Terms, adopted for this district, it is provided that there shall be a special calendar upon which shall be placed all actions which have been awarded or are entitled to a preference; and there shall also be placed upon this calendar for trial all issues sent from the Special Term for trial by a jury, and all issues in equity actions as to which the parties are entitled by law to a jury trial, where such issues have been framed to be so tried. The effect of this rule is to give to cases of this kind a special preference, under subdivision 10 of section 791 of the Code. A preference is there given to cases entitled to a preference under the General Rules of Practice, or by special order of the court in a particular case. This case came under rule 3 of the Rules for the Regulation of the Trial Terms of the Supreme Court in the first judicial district, which directed that these issues be placed upon the special calendar provided for by that rule, thus entitling the trial of such issues to a preference. To entitle a party to have the case placed upon the preferred calendar, he was required to give the two days' notice required by the rule. When the order was entered directing the issues to be tried by a jury the cause had been awarded a preference, and it thus came within the provision that any party entitled to have a case preferred may, upon two days' notice, apply to the court at Trial Term to have the case placed

upon such preferred calendar. The subsequent provision of the section provided for cases which were not by special provision of the Code entitled to a preference, but which would be entitled to such a preference upon making the application before referred to, but that application must be on notice.

We think, therefore, that the entry of these issues upon the calendar of the Trial Term for trial, without notice to the defendant, was unauthorized and that the court should have stricken the case from the calendar.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.